UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE OUZOUNIAN, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>FCA US LLC, a Delaware Limited Liability Company and DOES 1 to 25, inclusive,<br><br>             Defendants. | No.  2:20-cv-00179-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

     This matter is before the Court on Defendant FCA US LLC's ("Defendant") Motion to Dismiss for failure to state a claim upon which relief can be granted.  Mot., ECF No. 11.  Steve Ouzounian ("Plaintiff") filed an opposition to Defendant's motion, Opp'n, ECF No. 17, to which Defendant replied, Reply, ECF No. 18.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 19, 2020.

1

I.   BACKGROUND

Plaintiff purchased a 2013 Dodge Ram 2500 Laramie sometime in May 2013.  First Amended Complaint ("FAC") ¶ 9, ECF No. 6. On May 9, 2017, Defendant issued a recall covering certain 2013-2016 Ram 2500 vehicles, including Plaintiff's 2013 Dodge Ram 2500 Laramie.  FAC ¶ 10.  The recall was issued to address a defect in the Occupant Restraint Controllers Modules ("ORC Modules"), which could render Ram 2500 trucks unable to recognize vehicle rollover.  FAC ¶ 11.  Failure to recognize rollover results in undeployed airbags or inactivated seatbelt pretentioners.  Id.  Plaintiff alleges he never received notice of the recall.  Id.

On October 5, 2019, Plaintiff was driving the 2013 Dodge Ram 2500 Laramie when he lost control of the vehicle and collided with a tree-lined center median.  FAC ¶ 13.  Upon impact, the vehicle rolled several times.  Id.  At no point did the vehicle's driver front and side-curtain airbags deploy.  FAC ¶ 14.  Neither did the seatbelt pretentioner activate.  Id.  As a result, Plaintiff suffered several serious injuries.  Id.

On December 12, 2019, Plaintiff filed suit against Defendant in Placer County Superior Court.  See Compl., ECF No. 1-1.  The case was removed to federal court on January 24, 2020, see Notice of Removal, ECF No. 1, where Plaintiff filed an amended complaint, see FAC.  Plaintiff alleged Defendant: (1) violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (2) was negligent; (3) is strictly liable for design defects; (4) is strictly liable for manufacturing defects; (5) breached the express warranty; and (6) breached the implied warranty of

2

merchantability. Id. The parties have since stipulated that the first, fifth, and sixth causes of action be dismissed. See Stipulation of Dismissal, ECF No. 8. Defendant now moves for the Court to dismiss Plaintiff's claims for punitive damages associated with the third and fourth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. at 6-11. Defendant contends Plaintiff has not, and cannot, plead facts sufficient to support punitive damages. Id.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### B. Analysis

Plaintiff's third and fourth causes of action allege that Defendant is strictly liable for design and manufacturing

defects. See FAC ¶¶ 36-49. Plaintiff alleges Defendant's conduct, with regard to those defects, was "fraudulent, malicious[,] and oppressive" and "justif[ies] an award of punitive damages pursuant to California Civil Code § 3294." FAC ¶¶ 42, 49. To state a claim for punitive damages, a complaint must set forth the elements as stated in the general punitive damage statute, California Civil Code § 3294. Turman v. Turning Point of Central California, Inc., 191 Cal.App.4th 53, 63 (2010). These statutory elements include allegations that the defendant has been guilty of oppression, fraud, or malice. See Cal. Civ. Code § 3294(a).

"Malice" is defined as conduct "intended by the defendant to cause injury to plaintiff, or despicable conduct that is carried on by the defendant with a willful and conscious disregard for the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Oppression" means "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). And "fraud" is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).

The sort of malice required by § 3294(a) implies "an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others." Taylor v. Superior Court, 24 Cal.3d 890, 894 (1979) (internal quotation marks and citations omitted). "Something more than the mere commission of

a tort is always required for punitive damages." Id. at 894 (citing Prosser, Law of Torts at 9-10 (4th Ed. 1971)). A conscious disregard of the safety of others may constitute malice within the meaning of § 3294, but the plaintiff must establish that the defendant was aware of the probable dangerous consequences of his conduct, and that he willfully and deliberately failed to avoid these consequences. Id. at 895-96 (citations omitted).

Defendant argues there are no facts alleged to support a finding of the oppression, fraud, or malice necessary for a punitive damages award. Mot. at 7-9. Plaintiff, in his opposition, sets forth the specific facts he believes support punitive damages. See Opp'n at 6-7. Notably, on June 10, 2017, Plaintiff brought the vehicle to an authorized dealership for regularly scheduled maintenance. FAC ¶ 12. Plaintiff alleges that Defendant issued the recall prior to the day he brought his vehicle to the dealership, however, the dealership did not repair the defect.[2] Id. Nor did anyone at the dealership inform him of the recall. Id. Plaintiff argues that Defendant's failure to notify him and its authorized dealerships of the recall supports a finding of fraud, malice, or oppression. Opp'n at 7. The Court disagrees.

"The mere allegation an intentional tort was committed is not sufficient to warrant an award of punitive damages."

---

[2] Defendant contests this. Opp'n at 4, n.1. Defendant asserts the recall was not issued until June 22, 2017—twelve days after Plaintiff brought his vehicle to the authorized dealership. Id. The Court need not resolve this factual dispute at present. The timing of the recall does not affect the Court's analysis.

Grieves v. Superior Court, 157 Cal.App.3d 159, 166 (1984) (citing Taylor, 24 Cal.3d at 894). Plaintiff has failed to allege even that. What Plaintiff describes in his FAC is, at best, gross negligence on the part of the Defendant. Plaintiff has offered no factual allegations to render plausible his claim that Defendant acted with oppression, fraud, or malice. Construing Plaintiff's allegations in the light most favorable to him, Defendant failed to notify Plaintiff and one of its authorized dealerships of the recall. As a result of that failure, Plaintiff was unaware he was driving in an unsafe vehicle and, thus, continued to do so. Eventually, Plaintiff was involved in an accident, wherein Plaintiff sustained serious injuries due to the vehicle's defects.

None of those facts suggest that Defendant acted with malice. See Grieves, 157 Cal.App.3d at 166 ("Not only must there be circumstances of oppression, fraud[,] or malice, but facts must be alleged in the pleading to support such a claim.") (citing G.D. Searle & Co. v. Superior Court, 49 Cal.App.3d 22, 29 (1975)). For instance, in Ebaugh v. Rabkin, 22 Cal.App.3d 891, 894-95 (1972), the plaintiff sued her doctor and a hospital after she went in for a breast biopsy, but the doctor instead conducted an unauthorized gall bladder operation. The court found there was no evidence to support a verdict of punitive damages. Id. at 895. While the doctor was admittedly negligent, the doctor and the hospital were not guilty of malice, either express or implied. Id. "The record negated any conclusion that the unauthorized operation . . . took place out of evil motive or criminal indifference . . . or with an intent

to injure or do harm to [the plaintiff] for the mere satisfaction of doing it." Id.

Here, too, the facts presented suggest only that Defendant acted negligently in failing to inform Plaintiff, and possibly its authorized dealerships, of the recall. Plaintiffs conclusory allegations that Defendant behaved in a manner warranting punitive damages, see FAC ¶¶ 42, 49, are insufficient. The Court has no reason to believe—through facts alleged in either Plaintiff's complaint or opposition to Defendant's motion—that Defendant intended to injure Plaintiff or acted in knowing disregard of Plaintiff's rights. And to the extent that Plaintiff alleges corporate malice or oppression, he has similarly failed to plead facts sufficient to support malicious, oppressive, or fraudulent conduct on the part of Defendant's officers, directors, or managing agents. See Ebaugh, 22 Cal.App.3d at 895 (finding there was similarly no evidence that "any partner or managing agent of [the hospital] directed, authorized or subsequently ratified any allegedly malicious conduct of any employee with knowledge as to the malicious quality of such act or conduct.").

Accordingly, the Court DISMISSES Plaintiff's claims for punitive damages.

C.  Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is

not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted).  Plaintiff seeks leave to amend the FAC to cure deficiencies in his request for punitive damages associated with the third and fourth causes of actions.  See Opp'n at 9–10. The Court will permit Plaintiff one final opportunity to try to plead facts sufficient to support punitive damages.

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss.  If Plaintiff amends his FAC, he shall file a Second Amended Complaint within twenty days (20) of this order.  Defendant's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: June 15, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE