Jonathan A. Michaels, Esq. – Bar No. 180455
(jmichaels@mlgaplc.com)
Thomas S. Van, Esq. – Bar No. 209632
(tvan@mlgaplc.com)
Audrey Beck, Esq. – Bar No. 328467
(abeck@mlgaplc.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T.  (949) 581-6900
F.  (949) 581-6908

Attorneys for Plaintiff,
Steven Ouzounian

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OUZOUNIAN, an individual;<br><br><br>Plaintiff,<br><br>vs.<br><br><br>FCA US LLC, a Delaware limited liability company and DOES 1 to 25, inclusive;<br><br><br>Defendants. | Case No.  2:20-CV-00179-JAM-KJN<br>*[Removed from Placer County Superior Court; Case No.: SCV0044047]*<br><br>Assigned to: Hon. John A. Mendez<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>Complaint Filed:   December 12, 2019<br>Trial Date:          January 10, 2022 |

## STIPULATION

A protective order is necessary because this action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public records of this case.

The parties having stipulated to the entry of this Protective Order, and the Court otherwise being advised;

IT IS ORDERED that the following provisions and conditions shall govern the parties:

.

## **Part One: Use Of Designated Materials In Discovery**

1.      Information, material and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing, lodging it or otherwise furnishing it or by any party to this action (the "Designating Party") if: (a) provided or served, formally or informally, in response to any formal or informal discovery request, deposition notice or order in this action; and/or (b) filed or lodged with the Court.  All such information, material and/or discovery responses and all information or material derived therefrom is "Designated Material" under this Protective Order, whether labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as set forth below.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, Designated Material shall be used only in the trial and preparation for trial of this action and shall not be used or disclosed by the receiving party except as expressly provided under the terms of this Protective Order.

2.      Any party or non-party may designate as "Confidential Information" (by stamping the relevant page "CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery for the purposes of (i) avoiding invasions of individual privacy and (ii) protecting non-public proprietary information and confidential business, technical, financial and/or personal information relating to the Designating Party's business, technical, financial, or personal affairs, subject to Local Rules of the United States District Court for the Eastern District of California, Local Rule 141.1 or other applicable rules of court.  Any party or non-party may designate as "Highly Confidential Information" (by stamping the relevant page "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or as

otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or other confidential business, financial, or proprietary information, subject to Local Rules of the United States District Court for the Eastern District of California, Local Rule 141.1 or other applicable rules of court.  Where a document or response consists of more than one page, the first page and each page on which Designated Material appears shall be so designated.

3.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party or non-party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses or documents be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 11 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 11 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.  Notwithstanding the foregoing, any testimony read from or directly referencing confidential documents is

automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4.    All Designated Material produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)    employees of such counsel;

(c)    individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d)    other individuals legitimately assisting in the administration or preparation of this case for trial such as consultants and expert witnesses retained for the prosecution or defense of this litigation;

(e)    any authors or recipients appearing on the face of the Confidential Information; and

(f)    the Court, Court personnel, and court reporters.

Each recipient of Confidential Information pursuant to (a) through (d) of this paragraph, prior to receiving the Confidential Information, shall be furnished with a copy of this Protective Order and execute a copy of the Certification annexed to this Protective Order certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this

5

Protective Order and agrees to be bound by its terms. The original of each certification shall be retained by counsel for that party and furnished to counsel for the producing party upon the conclusion of this litigation.;

Confidential Information may be disclosed to an individualwho refuses to sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice prior to the deposition that Confidential Information produced by that party may be used.  The portion of the deposition transcript containing or referencing the Confidential Information shall automatically be deemed "CONFIDENTIAL" pursuant to paragraph 3 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6.      Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, "Highly Confidential—Attorneys' Eyes Only" Information shall not be disclosed to any person other than:

(a)      counsel for the respective parties to this litigation, including co-counsel retained for this litigation;

(b)      consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Protective Order (which shall be retained by counsel to the party so disclosing the Highly Confidential Information furnished to counsel for the producing party upon conclusion of this litigation) before being shown or given any Highly Confidential Information;

(c)      any authors or recipients appearing on the face of the Highly Confidential Information; and

(d)      the Court, Court personnel, and court reporters.

Any portion of a deposition transcript containing or referencing Highly Confidential Information shall automatically be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to paragraph 3 above. Witnesses shown Highly Confidential Information shall not be allowed to retain copies.

7.      Any persons receiving Designated Material shall not reveal or discuss such information to or with any person who is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial.  Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its confidential nature is maintained.

8.      After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided pursuant to this Protective Order. Any recipient of confidential information agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

9.      In connection with discovery proceedings as to which a party submits Designated Material, all documents and chamber copies containing Designated Material which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers.  On the outside of the envelopes, a copy of the first page of the document shall be attached.  If Designated Material is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy.  The words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

**This envelope is sealed pursuant to Order of the Court, contains Designated Material and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.**

10.     A party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information produced by a non-party and designated as Confidential Information or Highly Confidential Information pursuant to this paragraph.

11.     If a party contends that any Designated Material is not entitled to treatment as such or at the level of protection designated, that party shall send a written notice to the producing party specifying the items in question. In the event the parties cannot reach an agreement concerning the confidentiality of the item or level of protection designated, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. The party or non-party seeking the order has the burden of establishing that the document is entitled to such protection.

12.     Notwithstanding any challenge to Designated Material as provided in the preceding paragraph, all documents so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)    the party or non-party who designated the Designated Material as such withdraws the designation in writing; or

(b)    the Court rules the material is not Confidential Information or Highly Confidential Information.

13.    All provisions of this Protective Order restricting the communication or use of Designated Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Designated Material, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return the originals and all photocopies, duplicates, abstracts, and reproductions of such materials no later than 30 days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such materials and certify in writing within 30 days after conclusion of this action that the originals and all photocopies, duplicates, abstracts, or reproductions of such materials have been destroyed.

14.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  If any person inadvertently produces any Designated Materials without making it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order. Thereafter, such material shall be treated in accordance with the provisions of this Protective Order.

15.     Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or non-party's assent to this Protective Order be deemed to waive that party's or non-party's right to object to the production of documents and things on appropriate grounds or to move to compel the production of documents and things wrongfully withheld from production.  No party may refer to this Protective Order or the designation of Confidential Information or Highly Confidential Information as proof that such Designated Material is actually confidential or constitutes (or contains) trade secret material.

16.     The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

## Part Two: Use of Confidential Materials in Court

The following provisions govern the treatment of Designated Material used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.  These provisions are subject to Local Rules of the United States District Court for the Eastern District of California, Local Rules 141, 141.1 and other rules of court and must be construed in light of those rules. Where local rules and this agreement differ, the rules control.

17.     A party that wishes to file with the Court as a basis for adjudication of matters other than discovery motions or proceedings, or seeks to use at trial, Designated Material, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal.

18.     A party that files with the Court as a basis for adjudication of matters other than discovery motions or proceedings, or seeks to use at trial, Designated Material marked as such by any other party, and who does not intend to seek to have the record containing such information sealed, shall, at least 5 business days prior to the filing or use of the Designated Material, give written notice to all other parties of the submitting party's intention to file or use the Designated Material, including specific identification of the Designated Material.  Any affected party or non-party may then file a motion to seal in accordance with Local Rule 141, *et seq.*

19.     In connection with a request to have materials sealed pursuant to Sections 17 or 18, the moving party's declaration shall contain sufficient particularity with respect to the particular Designated Material and the basis for sealing to enable the Court to make the findings without being required to review each item of Designated Material.

20.     If any party fails to file materials designated as Designated Material without first obtaining a sealing order in compliance with Local Rule 141, the designating party or any other party to this action may request that the Court place the materials designated as Designated Material under seal.  The Clerk of the Court is directed to comply with such a request.

21.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of materials designated as Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not make any disclosure of any Designated Material, except as permitted by this Protective Order.

### Part Three: Modification and Survival

22.     The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties shall meet and confer prior to seeking to modify this Protective Order for any reason.  To the extent that such modification would result in a change in status or level of protection afforded Designated Material so designated by any non-party, the parties will confer with such non-party prior to seeking to modify this Protective Order.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of the parties in this action or by order of this Court.

23.     This stipulation is for the Court's consideration and approval as an order.  It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

24.     The Court retains jurisdiction to make such amendments, modifications, and additions to this as it may from time to time deem appropriate.

25.     After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party or producing non-party and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order

SO STIPULATED

**MLG, APLC**

Dated:  July 10, 2020                    By:    /s/ Thomas S. Van, Esq.          ____
                                                Jonathan A. Michaels, Esq.
                                                Thomas S. Van, Esq.
                                                Audrey Beck, Esq.
                                                Attorneys for Plaintiff,
                                                Steven Ouzounian

**SNELL & WILMER, LLP**

Dated:  July 10, 2020                    By:    Chariese R. Solorio, Esq._____
                                                Daniel S. Rodman, Esq.
                                                David P. Hansen, Esq.
                                                Chariese R. Solorio, Esq.
                                                Attorneys for Defendant
                                                FCA US LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>ORDER</u>**

Pursuant to Stipulation and Federal Rules of Civil Procedure, Rule 26(c), and good cause appearing,

IT IS SO ORDERED.

Dated:  7/13/2020

/S/ JOHN A. MENDEZ_____
Judge of the United States District Court

---

**STIPULATED PROTECTIVE ORDER**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I, _____ [NAME], _____ [POSITION AND EMPLOYER], hereby acknowledge that I am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding (*Steven Ouzounian v. FCA US LLC,* United States District Court, Central District of California, Case No. 2:20-CV-00179-JAM-KJN).  I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order.  I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

**STIPULATED PROTECTIVE ORDER**

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.  Executed this ___ day of _____, 20____.


Dated: _____          By: _____
                                                          Signature


                                                          _____
                                                          Title

                                                          _____
                                                          Address

                                                          _____
                                                          City, State, Zip

                                                          _____
                                                          Telephone Number

STIPULATED PROTECTIVE ORDER