UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVE OUZOUNIAN, an individual, | No. 2:20-cv-00179-JAM-KJN |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| FCA US LLC, a Delaware Limited Liability Company and DOES 1 to 25, inclusive, | |
| Defendants. | |

This matter is before the Court on FCA US LLC's ("Defendant") Motion to Dismiss. Mot. to Dismiss ("Mot."), ECF No. 25. Steve Ouzounian ("Plaintiff") filed an opposition to Defendant's motion, Opp'n, ECF No. 27, to which Defendant replied, Reply, ECF No. 28. The Court presumes the parties are familiar with the events leading up to this motion, as they were described in the Court's previously issued Order. See Order, ECF No. 21. They will not be repeated here. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to

1

Dismiss.[1]

## I. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### B. Analysis

Plaintiff's second and third causes of action request that the Court find Defendant strictly liable for design and manufacturing defects. See Second Amended Complaint ("SAC") ¶¶ 24-37. Plaintiff alleges Defendant's conduct, with regard to those defects, was "fraudulent, malicious[,] and oppressive" and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 15, 2020.

"justif[ies] an award of punitive damages pursuant to California Civil Code § 3294." SAC ¶¶ 30, 37. As described in more depth in the Court's June 16, 2020, Order, a claim for punitive damages must set forth the elements as stated in the general punitive damage statute, California Civil Code § 3294. Turman v. Turning Point of Central California, Inc., 191 Cal.App.4th 53, 63 (2010). These statutory elements include allegations that the defendant has been guilty of oppression, fraud, or malice. See Cal. Civ. Code § 3294(a).

Importantly, "[s]omething more than the mere commission of a tort is always required for punitive damages. Taylor v. Superior Court, 24 Cal.3d 890, 894 (1979)(citing Prosser, Law of Torts at 9-10 (4th Ed. 1971)). And "[t]he mere allegation an intentional tort was committed is not sufficient to warrant an award of punitive damages." Grieves v. Superior Court, 157 Cal.App.3d 159, 166 (1984) (citing Taylor, 24 Cal.3d at 894). Plaintiff, in his SAC, has again failed to allege facts that support a finding of the oppression, fraud, or malice necessary for a punitive damages award. As before, the facts presented suggest only that Defendant negligently failed to: (1) inform Plaintiff of the recall; and (2) instruct its authorized dealers to inform customers of the recall. See SAC ¶¶ 12, 13, 15, 18. These facts fall short of rendering plausible Plaintiff's claim that Defendant acted with oppression, fraud, or malice.

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's claims for punitive damages included in his second and third causes of action.

///

## II.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated:   September 10, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE